1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

SONIA POWELL,

8

Plaintiff,

v.

9

CITY OF PASCO, ET AL.,

10

Defendants.

11

NO:  4:16-CV-5071-TOR

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS FOR
FAILURE TO STATE A CLAIM

12    BEFORE THE COURT is Defendant Franklin County, Richard Lathim,

13 Richard Long, Jeremy Jansky, Erik C. Johnson and Sonda Clark's Motion to

14 Dismiss (ECF No. 26) and Defendant Heidi Ellerd's Motion to Dismiss (ECF No.

15 28).  The motions were submitted for consideration without oral argument.  The

16 Court has reviewed the motions and related pleadings, and is fully informed.  For

17 the reasons discussed below, the Court **GRANTS** the Motions to Dismiss (ECF

18 Nos. 26; 28).

19 //

20 //

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM ~ 1

**BACKGROUND**

On April 8, 2013, City of Pasco, Washington police officers were dispatched to a house where Plaintiff was located in response to a call placed by Plaintiff's brother alleging water was thrown on him that morning.  ECF No. 17 at ¶ 40.[1] According to Plaintiff, immediately on arrival Defendant Smith proceeded to the lower level of the house to the room where Plaintiff was quietly seated.  ECF No. 17 at ¶ 41.  Plaintiff claims that she spoke with the police officer before she "ended [the] discussion."  ECF No. 17 at ¶¶ 45-47.

According to Plaintiff, an officer then forced entry into the room where Plaintiff was sitting, crossed the room, and without warning grabbed Plaintiff's wrist.  ECF No. 17 at ¶¶ 48-50.  Plaintiff alleges an officer became increasingly violent, that Plaintiff was knocked down onto an adjacent bed, and that an officer, with Plaintiff's arm pinned behind her back, asked, "Now are you going to co-

---

[1]    The Court references the Second Amended Complaint, ECF No. 17, the operative document when Defendants filed their motions.  Since then, Plaintiff has filed a Third Amended Complaint, ECF No. 37, without leave of Court or stipulation of the parties and not within the period of time allowed for amendment of pleadings according to Fed. R. Civ. P. 15(a).  Even if the Third Amended Complaint were considered, no new allegations toll the statute of limitations.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 2

operate?"  ECF No. 17 at ¶¶ 52-55.  According to Plaintiff, Defendants Smith and Perry climbed onto Plaintiff, forcing her face into the mattress, while Plaintiff begged Defendants to stop.  ECF No. 17 at ¶¶ 55-62.

Plaintiff was handcuffed and allegedly yanked to an upright position by the chains on the handcuffs.  ECF No. 17 at ¶ 68.  Plaintiff further alleges Defendant Perry raised Plaintiff's arms vertically in a painful position and kicked her.  ECF No. 17 at ¶ 70.  Defendant was taken into custody, where she complains of mistreatment that continued until her release the following day.  ECF No. 17 at ¶¶ 83-117.

Charges were filed against Plaintiff, and she was represented by the City's contract public defender,[2] Defendant Ellerd, who Plaintiff claims was deficient in her representation.  ECF No. 17 at ¶¶ 118-136.  Plaintiff's underlying case culminated with an Agreed Stipulation and Order of Continuance which dismissed the Simple Assault Domestic Violence charge and amended the Destruction or Removal of Property charge to Disorderly Conduct.  ECF No. 28 at 2-3; 29.[3]  The

---

[2]    *See* ECF No. 17 at ¶ 308.

[3]    Plaintiff references the Agreed Stipulation and Order of Continuance, ECF No. 17 at ¶¶ 138, 140, so the Court may consider it in deciding the Motions to Dismiss.  *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 3

allegations of the complaint do not extend beyond the municipal court's approval of Plaintiff's Agreed Stipulation and Continuance on April 23, 2013.  ECF Nos. 1; 29.

Plaintiff initiated this action in the United States District Court for the Western District of Washington on May 2, 2016.  Plaintiff asserts several causes of action against numerous defendants, alleging federal claims for (1) violations of 42 U.S.C. § 1983, and (2) 42 U.S.C. § 1981, ECF No. 17 at ¶¶ 141-332, and state law claims for (3) Intentional Inflection of Emotional Distress, ECF No. 17 ¶¶ 333-335; (4) Negligent Inflection of Emotional Distress, ECF No. 17 at ¶¶ 336-338; (5) Negligence, ECF No. 17 at ¶¶ 339-340; (6) Negligent Supervision, Retention, and Training, ECF No. 17 at ¶¶ 341-342; and (7) Respondent (sic) Superior Liability, ECF No. 17 at ¶¶ 343-344.

The case was transferred to the Eastern District of Washington on May 31, 2016.  ECF No. 7.  On December 6, 2016, Defendants Franklin County, Richard Lathim, Richard Long, Jeremy Jansky, Erik C. Johnson and Sonda Clark ("County Defendants") filed a motion to dismiss all claims.  ECF No. 26.  On December 22,

//

//

//

//

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 4

2016, Defendant Ellerd also filed a Motion to Dismiss Plaintiff's claims. ECF No. 28. Plaintiff did not file any responses.[4] These motions are now before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference . . . ." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs*,

---

[4]    A *pro se* litigant must respond to a dispositive motion, which includes a motion requesting dismissal, within 30 days after the electronic filing of the motion, assuming the litigant is registered for Electronic Case Filing, as is the case here. LR 7.1(b). The failure to comply with LR 7.1(b) may be deemed consent to the entry of an Order adverse to the party who violates the rule. LR 7.1(d).

551 U.S. at 322).  Plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  A federal court may dismiss a complaint for failure to comply with the statute of limitations where "the running of the statute is apparent on the face of the complaint."  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); citing *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir. 1995)).

**DISCUSSION**

County Defendants' Motion to Dismiss asserts that the statute of limitations has run on all claims asserted against County Defendants.  ECF No. 26 at 4.  Defendant Ellerd's Motion to Dismiss similarly asserts that Plaintiff's Section 1983 and state law claims against her are time barred.  ECF No. 28 at 7-9.

Section 1983 does not "contain its own statute of limitations" so the courts apply the "statute of limitations for an analogous cause of action under Washington state law[,]" which is the "three-year limitation of Washington Revised Code § 4.16.080(2)."  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84 (1980), and

*Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir. 1981).  A Section 1983 action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  *Bagley*, 923 F.2d at 760 (citations and internal quotation marks omitted).

Likewise, Plaintiff's Section 1981 claims are subject to the most analogous state statute of limitation, which in this case is the "three-year limitation of Washington Revised Code § 4.16.080(2).  *See Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1007-08 (9th Cir. 2011) (recognizing a four-year statute of limitation for § 1981 contract based employer retaliation claim, not the lessor period of limitations applicable to § 1981 personal injury type of claims).

Claims under state law for negligence; negligent hiring, retention, and training; and negligent infliction of emotional distress are subject to Washington's three-year statute of limitations for personal injuries.  *Cox v. Oasis Physical Therapy, PLLC*, 153 Wash. App. 176, 190 (2009) (citing RCW 4.16.080(2)).  Similarly, claims for intentional infliction of emotional distress are governed by Washington's three year statute of limitations.  *Id.* at 192 (citing RCW 4.16.080(2), and *Milligan v. Thompson*, 90 Wash. App. 586, 592 (1998)).  "The general rule in ordinary personal injury actions is that a cause of action accrues at the time the act or omission occurs."  However, under what is known as the discovery rule, "torts . . . [where] injured parties do not, or cannot, know they have been injured . . .

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 7

accrue[] at the time the plaintiff knew or should have known all of the essential elements of the cause of action." *Matter of Estates of Hibbard*, 118 Wash.2d 737, 744–45 (1992).

The conduct underlying Plaintiff's complaint does not post-date April 23, 2013. *See* ECF Nos. 1; 29. As the County Defendants and Defendant Ellerd correctly argue, Plaintiff's claims accrued—and the statute of limitations began—at the time the alleged conduct occurred, as Plaintiff would be well aware of the allegedly violative conduct given the nature of the claims. Plaintiff did not file this action until at least May 2, 2016. ECF No. 1. Accordingly, County Defendants' Motion to Dismiss (ECF No. 26) and Defendant Ellerd's Motion to Dismiss (ECF No. 18) are **GRANTED**.

**IT IS HEREBY ORDERED:**

1. County Defendants' Motion to Dismiss (ECF Nos. 26) is **GRANTED.**

2. Defendant Ellerd's Motion to Dismiss (ECF Nos. 28) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, and **terminate** Defendants Franklin County, Richard Lathim, Richard

//

//

//

//

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 8

Long, Jeremy Jansky, Erik C. Johnson, Sonda Clark and Heidi Ellerd from the action.

  **DATED** February 10, 2017.

THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 9