UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SONIA POWELL,<br><br>                          Plaintiff,<br><br>     v.<br><br>CITY OF PASCO, ET AL.,<br><br>                          Defendants. | NO:  4:16-CV-5071-TOR<br><br>ORDER ON PENDING MOTIONS |

BEFORE THE COURT is Defendants City of Pasco, Robert Metzger, Kenneth R. Roske, Dean S. Perry, Brian Smith, and Jesus Romero's Motion to Dismiss (ECF No. 40) and Plaintiff's Motion for New Trial (ECF No. 41), Amended Motions (ECF Nos. 46; 48; 49), Notice of Intention (ECF No. 47), and Motions for Judgment as a Matter of Law (ECF Nos. 50; 51).[1]  The matters were

---

[1]      As no trial has taken place, the Court is liberally construing the Motion for New Trial (ECF No. 41) as a motion for reconsideration, as Plaintiff complains that the previous Order on Motion to Dismiss (ECF No. 39) and Order on Motion

ORDER ON PENDING MOTIONS ~ 1

submitted without oral argument. As discussed further below, Defendants' Motion (ECF No. 40) is **GRANTED**. Plaintiff's Motions (ECF Nos. 41; 46; 47; 48; 49; 50; 51) are **DENIED**.[2]

## BACKGROUND

Plaintiff Sonia Powell is appearing *pro se*, alleging a series of claims against numerous defendants. Plaintiff's claims can be categorized into (1) alleged mistreatment of Defendant by police officers before and leading up to her detention and subsequent release on April 9, 2013; (2) alleged mistreatment of Defendant by the prosecution and Plaintiff's attorney in the form of ineffective assistance of counsel, abuse of process, and malpractice, culminating with an Agreed Stipulation and Order of Continuance on April 23, 2013, which greatly reduced or eliminated the initial charges against her; and (3) alleged mistreatment

to Disqualify Judge (ECF No. 35) were incorrectly decided. The Court is also construing Plaintiff's Notice of Intention (ECF No. 47) as a response to Defendant's Motion to Dismiss (ECF No. 40) and as a separate Motion for Sanctions.

[2]    Although the Court is denying Plaintiff's Motions, the imbedded requests to consider "amended" pleadings are **GRANTED** to the extent the Court is considering them for this Order. *See*, *e.g.*, ECF Nos. 47-1; 48.

ORDER ON PENDING MOTIONS ~ 2

by the City of Pasco in responding to Plaintiff's public record requests, which she relies on for her argument that the statute of limitations is tolled; she does not assert a public records act claim. ECF No. 46 at 3-4. Plaintiff filed suit on May 2, 2016, giving rise to the Defendants' defense that the statute of limitations has run, as all parties agree the relevant claims have a three year statute of limitations. Plaintiff now asserts the doctrine of equitable tolling preserves the "majority" of her claims. ECF No. 47 at 4.

### 1.  *Alleged mistreatment continuing until release*

At the base of her claims, Ms. Powell alleges a series of 42 U.S.C. § 1983 violations arising from alleged mistreatment by police officers culminating in her arrest on April 8, 2013 and subsequent release the following day.[3] Plaintiff further alleges conspiracy in violation of 42 U.S.C. 1983 against Defendants Metzger, Roske, Smith, Perry, Romero, Does 1-5 and Wesley Powell, but provides no explanation of the alleged conspiracy or support thereof. ECF No. 37 at ¶¶ 202-213. The injuries here were known to Ms. Powell at that time, beginning the running of the statute of limitations, and the Court accordingly dismissed claims against certain defendants on that basis. *See* ECF No. 39.

---

[3]    A more complete description of the alleged mistreatment can be found at ECF No. 39 at 2-3.

ORDER ON PENDING MOTIONS ~ 3

### 2. *Complaints during prosecution*

Plaintiff also alleges Malicious Prosecution and Abuse of Process against Defendants Ellerd (Plaintiff's appointed counsel), Metzger, Roske, Smith, Perry, Romero, Does 1-5, and Wesley Powell, ECF No. 37 at ¶¶ 275-291, asserting they prosecuted her without probable cause and did so willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's rights, ECF No. 37 at ¶¶ 281-82. Plaintiff also asserts a claim of malpractice against Defendant Ellerd, despite Plaintiff's original charges being largely reduced or dropped per an Agreed Stipulation and Order of Continuance dated April 23, 2013, which dismissed the Simple Assault Domestic Violence charge and amended the Destruction or Removal of Property charge to Disorderly Conduct.  ECF No. 28 at 2-3.  Per this Agreement, all charges would be dismissed if plaintiff did not commit any criminal offenses for 12 months and paid the required costs.  ECF No. 28 at 3.

According to Plaintiff, she was not aware of Defendant Ellerd's alleged deficiency at the time of signing the agreement:

> Ms. Powell, however, believed on April 23[, 2013] that Defendant Ellerd made a good faith effort toward a demotion of the charges, not presented Ms. Powell with a new one.  Review after the fact of the files related to Ms. Powell's case left Plaintiff no doubt that Defendant Ellerd knew or should have known her actions were unlawful on April 23[, 2013].

ECF No. 46 at 7-8.

ORDER ON PENDING MOTIONS ~ 4

This account—which was relayed after this Court granted Defendant Ellerd's Motion to Dismiss (ECF Nos. 28; 40)[4]—is contradicted by Plaintiff's own statements:

> Defendant Ellerd knew that Ms. Powell did not fully understand the charges and accusations the police made from their meeting. Ms. Powell vehemently denied the statement that was read to her in their meeting. Again, Defendant Ellerd did nothing.

ECF No. 47 at 4, fn. 1. As this demonstrates, Plaintiff knew of the basis of her complaints at that time. Accordingly, Defendant Ellerd's Motion to Dismiss was granted, as the statute of limitations had run. ECF Nos. 28; 39.

### 3. *Complaints after April 23, 2013*

According to Plaintiff, and as further discussed below, she was wrongfully denied (or delayed) access to public records. ECF No. 47 at 4. She claims this should toll several of her claims until the third week of May, 2013:

> Typically, the clock for filing would begin to run were it not for the outright refusal of Defendant City Pasco to fulfill lawful public records requests. The clock stopped until the third week in May of 2013 on the majority of the claims. The clock continues to run on the claims of Malicious Prosecution, Abuse of Process and Conspiracy because a cause of action accrues when the last element is in place. Ms. Powell requested the Prosecutor's Statement of Probable Cause, which Ms. Powell believes testifies to false facts in a manner similar to defendant Pasco police. Ms. Powell's discovery of this document was delayed.

ECF No. 47 at 3-4 (citation omitted).

---

[4]    Plaintiff did not file a reply to the Motion.

ORDER ON PENDING MOTIONS ~ 5

As this indicates, Plaintiff requested documents, but already believed the Prosecutor's and nearly everyone else involved was lying, and wanted the Statement of Probable Cause merely for verification.

Plaintiff has since filed numerous documents with the Court, asserting a wide range of complaints, as further discussed below.

### DISCUSSION[5]

**A.  Miscellaneous Complaints**

**1.  *Alleged Court bias (motion to reconsider)***

Plaintiff asserts the Court erred in denying her Motion to Disqualify (ECF No. 34), arguing "28 U.S.C. § 455 is objective."  ECF No. 46 at 6.  The Court's Order recognized the objective aspect of the law, and fully considered whether graduation from the same law class is sufficient to establish impartiality from an objective perspective.  ECF No. 35 at 3 ("The test . . . is 'Whether a reasonable person . . . would conclude that the judge's impartiality might reasonably be questioned.'").  The Court found Plaintiff's concern amounted to mere speculation

---

[5]    The Court is ignoring Plaintiff's series of procedural errors and mislabeling, and will address the merits of Plaintiff's contentions.  The Court's continued generosity for future motions by Plaintiff should not be presumed.  This Order is redundant at points in order to ensure complete coverage of Plaintiff's claims.

1    and was not sufficient to meet her burden.  ECF No. 35 at 3 ("Merely graduating in

2    the same class and working in the same vicinity does not establish personal bias.").

3    Plaintiff's request for reconsideration is unfounded.  *Smith v. Clark Cnty. Sch.*

4    *Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (The Court may reconsider its decision

5    where it "(1) is presented with newly discovered evidence, (2) committed clear

6    error or the initial decision was manifestly unjust, or (3) if there is an intervening

7    change in controlling law.").

8    **2.  *Rule 7.1***

9        Plaintiff contends that "[t]he application of Local Rule 7.1(d) is unlawful,

10   represents an abuse of discretion, violates the due process and equal protections

11   clauses of the Fourteenth Amendment . . . ."  ECF No. 46 at 4.  Plaintiff complains

12   that "[o]nce a complaint is filed nothing relieves a court of its duties to attempt to

13   understand and weigh an issue."  ECF No. 46 at 4.  Apparently, Plaintiff's

14   complaint stems from a footnote in the Order on Motion to Dismiss (ECF No. 39)

15   where the Court mentions LR 7.1(b).  The Court considered the merits of the

16   Motion rather than relying on the Local Rule.  See ECF No. 39.  Accordingly, the

17   complained of rule was not even applied in Plaintiff's case.  Moreover, it is unclear

18   how the local rule is unlawful, and Plaintiff has not presented a cogent argument

19   otherwise.

20   *//*

### 3. *Plaintiff's Third Amended Complaint*

Plaintiff also complains that "[i]n violation of FRCP 15(a)(2) the Court abused its discretion by failing to incorporate plaintiff's allegations in her Third Amended Complaint . . . ." ECF No. 46 at 5.  Plaintiff states that "[t]he Court should have admitted the changes in Ms. Powel's Third Amended Complaint" and that "Ms. Powell's claims against Defendant County and Defendant Ellerd appeared to have been dismissed as a result of the timeliness of filing." ECF No. 46 at 5.  Notably, the Court considered Plaintiff's Third Amended Complaint in its decision, noting that "[e]ven if the Third Amended Complaint were considered, no new allegations toll the statute of limitations." ECF No. 39 at 2, fn. 1.  Plaintiff's concern is misguided.  Fed. R. Civ. P. 15(a)(2) (Once amendment as a matter of course under Fed. R. Civ. P. 15(a)(1) is utilized, "a party may amend its pleading only with the opposing party's written consent or the court's leave.") (emphasis added).

### 4. *Continued representation (motion for reconsideration)*

Plaintiff argues that the "causes of action against Defendant Ellerd did not accrue for Ineffective Assistance of Counsel, Malpractice . . . or Abuse of Process on April 23, 2013 as the Court stated." ECF No. 49 at 7 (citing ECF No. 39).  Plaintiff reasons that "[t]his is due, in part, to [the] fact that Defendant Ellerd continued to represent Ms. Powell through 2014." ECF No. 49 at 7.  Critically, the

only allegation relating to the above-mentioned causes of action involves conduct leading up to and including the signing of the Stipulated Order of Continuance dated April 23, 2013.  There is no further allegation relating to how Defendant Ellerd committed any actionable wrong beyond that date.

Contrary to Plaintiff's contention, the accrual of the cause of action was not delayed merely because Defendant Ellerd continued to represent Plaintiff after the allegedly actionable conduct.  Moreover, Plaintiff did not present this argument before the Court decided this issue and failed to file a reply, and such argument is not based on newly discovered evidence.  *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d at 955 (The Court may reconsider its decision where it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

## B. Equitable Estoppel[6]

"The doctrine of equitable estoppel . . . is based on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'"  *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011)).  The doctrine "focuses

---

[6]    Plaintiff argues for equitable estoppel, but then shifts when arguing to an argument for tolling.  ECF No. 47 at 3-4.

primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Amaro*, 653 F.3d at 813 (citing *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir. 2000)).  The plaintiff carries the burden of pleading and proving the following elements of equitable estoppel:

> (1) knowledge of the true facts by the party to be estopped,
> (2) intent to induce reliance or actions giving rise to a belief in that intent,
> (3) ignorance of the true facts by the relying party, and
> (4) detrimental reliance.

*Amaro*, 653 F.3d at 813 (citing *Bolt v. United States,* 944 F.2d 603, 609 (9th Cir. 1991)).  Additionally, when estoppel is sought against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government."  *Id.*

Plaintiff argues "the principle of equitable estoppel applies to Ms. Powell's 28 (sic) U.S.C. § 1983 actions . . . . [because] timely filing [was] prevented by a defendant's affirmative misrepresentations."  ECF No. 47 at 3 (citing *Amaro*, 653 F.3d 808).  Plaintiff explains:

> In this case defendant's efforts to thwart Ms. Powell's pre-filing investigation fit neatly into Concealment . . . Defendant City's dishonesty, coupled with Ms. Powell's inexperience, compounded the difficulty of Ms. Powell's investigation.  Typically, the clock for filing would begin to run were it not for the outright refusal of Defendant City Pasco to fulfill lawful public records requests.

1    ECF No. 47 at 3-4 (citing *Wallace v. [City of Chicago]*, 440 F.3d 421 (7th Cir.

2    2007); and RCW 4.16.180).  Apparently, Plaintiff attempts to tie denied or delayed

3    access to public records to equitable estoppel (and tolling, discussed below).

4            Plaintiff has not met her burden because she does not explain how an

5    allegedly wrongful denial or delay evidences an intent to induce reliance, let alone

6    what exactly she relied on to her detriment.  The only thing Plaintiff specifically

7    references is her request for the Statement of Probable Cause, which she wanted

8    despite her pre-existing belief that essentially everyone involved was lying.  There

9    is simply no allegation that Defendants took any measure that would prevent

10   Plaintiff from filing suit, as Plaintiff's complaint plainly states she knew her rights

11   were violated by April 23, 2013 and nothing suggests she could not have filed suit

12   before the statute of limitations ran.[7]  Moreover, there is no allegation of

13   affirmative misconduct.  Finally, even if Plaintiff could show such, there is not "a

14   serious injustice", *Amaro*, 653 F.3d at 813, as Plaintiff was aware of her claim and

15   could have sought the information through discovery after filing suit or by filing a

16   public records act claim.

17

18   [7]      Notably, Plaintiff was able to file a claim with the state before the statute of

19   limitations had run.  ECF No. 47 at 3.  She was then given notice that her claims

20   were inadequate months before the statute of limitations ran.  ECF No. 47 at 3.

**C.  Equitable Tolling**

"Equitable tolling is a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." *In re Bonds*, 165 Wash.2d 135, 141 (2008) (citing *In re Pers. Restraint of Carlstad*, 150 Wash.2d 583, 593 (2003)).  Equitable tolling "acts as an exception to the statute of limitations that should be used sparingly and does not extend broadly to allow claims to be raised except under narrow circumstances." *In re Bonds*, 165 Wash.2d at 141.  The rule is only applied "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998) (citations omitted).  "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant <u>and</u> the exercise of diligence by the plaintiff." *Id.* (citation omitted; emphasis added).  "In Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Id.* (citation omitted).  The proponent of the rule has a "high burden" of demonstrating delay was a result of bad faith, deception, or false assurances.  *In re Bonds*, 165 Wash.2d at 144.

//

//

//

//

ORDER ON PENDING MOTIONS ~ 12

1.  ***Concealment - delay*[8] *in filing public record request***

Plaintiff appears to argue that the claims of Malicious Prosecution, Abuse of Process and Conspiracy were tolled <u>until the third week in May of 2013</u>, by relying on a theory of "Concealment" based on RCW 4.1.180.  ECF No. 47 at 4.  Plaintiff argues:

> In this case defendant's efforts to thwart Ms. Powell's pre-filing investigation fit neatly into Concealment . . . Defendant City's dishonesty, coupled with Ms. Powell's inexperience, compounded the difficulty of Ms. Powell's investigation.  Typically, the clock for filing would begin to run were it not for the outright refusal of Defendant City Pasco to fulfill lawful public records requests.

ECF No. 47 at 3-4 (citing *Wallace v. [City of Chicago]*, 440 F.3d 421 (7th Cir. 2007); and RCW 4.16.180).  As noted above, Plaintiff attempts to tie her alleged delayed or denied access to public records to equitable estoppel and tolling.  Estoppel is addressed above, tolling will now be addressed.

//

---

[8]     Plaintiff states that the receipt of some documents were delayed while some were denied.  ECF No. 47 at 3-4.  Because Plaintiff only alleges equitable tolling until the third week of May 2013, she must only be complaining about the delayed documents.  Regardless, Plaintiff was able to file the instant suit without the allegedly denied record request, suggesting there was no prejudice either way.

ORDER ON PENDING MOTIONS ~ 13

Plaintiff cites RCW 4.16.180, arguing that the City's allegedly improper delay fits under concealment.  RCW 4.16.180 provides, in full:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

Clearly, concealment in this statute refers to concealment of a person; this does not align with Plaintiff's view that this statute governs where records are allegedly concealed, as Plaintiff appears to argue.[9]

Moreover, the alleged delay for the record request does not justify tolling, even if wrongfully withheld.  Importantly, Plaintiff was not prejudiced by the alleged one-month delay (Plaintiff claims the action is tolled for nearly one-month, only), as she had three years to file suit, but failed to do so; and she has provided no explanation as to how the claims were prejudiced, thus failing to meet her "high burden" in showing delay was a result of affirmative misconduct or that justice mandates application of the doctrine of equitable tolling.  *In re Bonds*, 165

---

[9]     The reference to RCW 4.16.180 could have been a mistake, as concealment can be relevant for equitable estoppel.

ORDER ON PENDING MOTIONS ~ 14

1    Wash.2d at 144.  Moreover, if the records were wrongly withheld, she could have

2    pursued a public record request act claim.  This strongly suggests a lack of

3    diligence on Plaintiff's part, as is required for the application of equitable tolling.

4    *Millay v. Cam*, 135 Wash.2d at 206 (citations omitted).

5         Further, Ms. Powell knew of her injuries with respect to the City before

6    filing the public record requests, as she already believed they were asserting a

7    series of false charges based on alleged fabrications.  ECF No. 47 at 4.  The record

8    requests relate to her potentially proving her case; it did not have a bearing on

9    whether she knew she had a claim nor did it ultimately prejudice her ability to

10   timely bring the claim, as indicated by her attempt in December of 2015.  ECF No.

11   47-1.  Plaintiff could have easily filed suit and sought the records via traditional

12   discovery mechanisms.  There is no injustice here.  *In re Bonds*, 165 Wash.2d at

13   141 (doctrine applies only "when justice requires it . . . ."); *Millay v. Cam*, 135

14   Wash.2d at 206 (same).

15        **2.  *Alleged Subsequent Discovery***

16        Plaintiff further argues that the "dismissal of claims against Defendant

17   Ellerd was improper and represents a clear misinterpretation [of] the law as it

18   relates to the tolling of limitations."  ECF No. 46 at 7.  Plaintiff explains:

19        Ms. Powell was presented with a Stipulated Order of Continuance on April
          23, 2013.  Ms. Powell told Defendant Ellerd that signing such a document
20        was wrong.  Ms. Powell, however, believed on April 23[, 2013] that

ORDER ON PENDING MOTIONS ~ 15

> Defendant Ellerd made a good faith effort toward a demotion of the charges, not presented Ms. Powell with a new one.

ECF No. 46 at 7.  However, Plaintiff also states:

> Defendant Ellerd knew that Ms. Powell did not fully understand the charges and accusations the police made from their meeting.  Ms. Powell vehemently denied the statement that was read to her in their meeting.  Again, Defendant Ellerd did nothing."

ECF No. 47 at 4, fn. 1.  Plaintiff states that "[r]eview after the fact of the files related to Ms. Powell's case left Plaintiff no doubt that Defendant Ellerd knew or should have known her actions were unlawful on April 23[, 2013]."  ECF No. 46 at 8.

As Plaintiff's own words show, Plaintiff knew of the alleged misstatements and Defendant Ellerd's alleged failures as of April 23, 2013.  Plaintiff does not reveal when she reviewed the file, which she apparently now claims is the proper date of accrual; nor does she explain how the file revealed anything she did not already know.  Moreover, the test for accrual is an objective one: when the Plaintiff should have known she had a claim.  As Plaintiff notes, she told Defendant Ellerd signing the document was wrong and that she vehemently denied the statements while Defendant Ellerd allegedly did nothing.  This is sufficient information for a reasonable person to be aware of the claims put forward by Plaintiff.

//

### 3. *Ineffective assistance; misrepresentation*

In Plaintiff's Notice of Intention to File a Motion for Rule 11 Sanctions (ECF No. 47), Plaintiff argues that in response to the alleged mistreatment at her home and during her subsequent detention, "Ms. Powell filed a set of claims against Defendant City employees on May 2, 2016 [and that] Ms. Powell's investigation began almost immediately but was hindered by the ineffective assistance of counsel and misrepresentations by Defendant City Pasco." ECF No. 47 at 2. She claims that "[t]he law dictates that Ms. Powell's claims were filed in a timely manner." ECF No. 47 at 2.

Plaintiff does not explain how her counsel's assistance was ineffective other than as described above, nor does she state what misrepresentations were made, let alone how these allegedly affected her investigation. ECF No. 47. Notably, Plaintiff knew about her harm with respect to the alleged mistreatment at the time of the mistreatment, and knew about the alleged fabrications underlying the Agreed Stipulation and Order of Continuance at the time of signing. *See* ECF No. 17 at ¶ 140 (Plaintiff signed the Agreement in order to "begin to pursue justice against those that had violated her civil rights.").

Plaintiff elsewhere complains of "Defendant City's dishonesty", noting that "the clock for filing would begin to run were it not for the outright refusal of Defendant City Pasco to fulfill lawful public records." ECF No. 47 at 3.

Assuming this is the basis for Plaintiff's complaint of misrepresentation, this is

fully addressed above.  Otherwise, she has not put forward any substance from

which this Court can glean a basis for tolling the statute of limitations, and it is her

"high" burden to bear.  *In re Bonds*, 165 Wash.2d at 144.

### 4.  *Filing claim with State*

Plaintiff cites California case law for the proposition that the statute of

limitations is tolled when the "plaintiff reasonably and in good faith pursues one

avenue when several are available."  ECF No. 46 at 5 (citing *Addison v. State of*

*California*, 578 P.2d 941 (Cal. 1978); and *Bollinger v. National Fire Ins. Co.*, 154

P.2d 399 (Cal. 1994)).  This is not the only element required by *Addison*, as the

"application of the doctrine of equitable tolling requires timely notice, <u>and</u> lack of

prejudice, to the defendant, <u>and</u> reasonable and good faith conduct on the part of

the plaintiff."  578 P.2d 941, 943–44 (emphasis added).  Importantly, this is not the

law in Washington.

In Plaintiff's Notice to the Court (ECF No. 47), Plaintiff argues "Ms.

Powell's claims tolled during the period they were improperly filed." ECF No. 47

at 3.  Plaintiff explains:

> [Plaintiff] mistakenly believed that claims involving municipal employee
> violations of state law were filed with the state.  She filed notice with the
> Attorney General on December 22, 2015.  Ms. Powell was informed on
> February 2, 2016 by a claims officer that her claims had been denied
> because she had not named a state officer and refiled with the correct
> entities."

ECF Nos. 47 at 3; 47-1.  Even if this Court could change Washington law to match that of California, the rule would not aid Plaintiff, as there is no injustice since Plaintiff had considerable time to cure the apparent defect and file suit. Importantly, Plaintiff knew of the issue with her claim before the statute of limitations ran, but still did not timely file.  ECF No. 47-1 at 1.  Moreover, filing a claim with the state is generally a precursor to suit, not an alternative avenue. There is nothing to suggest the doctrine of equitable tolling should apply.

### 5. *Duress*

Without citation, under the label of "Duress", Plaintiff argues that the proper inquiry—presumably for the running of the statute of limitations—is whether a reasonable person in similar circumstances would behave in the same fashion. ECF No. 47 at 4.  It is unclear how Plaintiff's circumstances govern equitable tolling, and Plaintiff has not presented any particular circumstances indicating such, other than the arguments addressed elsewhere.

## D.  Sanctions

Plaintiff submitted a "Notice of Intention to File a Motion for Rule 11 Sanctions" (ECF No. 47).  While it is not clear whether this was intended as an actual Motion rather than a mere Notice, the Court will generously consider it a Motion.  Upon review, the grounds stated in Plaintiff's Motion (ECF No. 47) do

not provide any basis for sanctions.  The Sanctions appear to be based on Plaintiff's tolling arguments addressed above.  ECF No. 47 at 3-4.  Plaintiff essentially argues that Defendants Motion to Dismiss (ECF No. 40) is sanctionable because it does not address Plaintiff's tolling issue, which she did not bring up until after Defendants filed their Motion to Dismiss (ECF No. 40).  *Compare* ECF No. 37, *and* ECF No. 40, *with* ECF No. 47.  This is not Defendant's obligation, and nothing suggests the pleading was submitted in bad faith or for an improper purpose.  Rather, the Motion has merit, and it is Plaintiff's burden to establish tolling of the statute of limitations.  *In re Bonds*, 165 Wash.2d at 144.

**E.  Motion to Dismiss**

Defendants city of Pasco, Robert Metzger, Kenneth R. Roske, Dean S. Perry, Brian Smith, and Jesus Romero move the Court to dismiss Plaintiff's claims pursuant to FRCP 12(b)(6).  ECF No. 40.  For the reasons discussed above and in the Court's previous Order (ECF No. 39), Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED**.  The statute of limitations has run, and Plaintiff has not met her "high" burden in showing equitable tolling of the statute of limitations.  *In re Bonds*, 165 Wash.2d at 144.

**F.  Summary Judgment**

Ms. Powell moves the Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) against Defendant Ellerd and Defendant City Pasco.  ECF Nos. 50;

51.  Plaintiff contends that there is no genuine issue of material fact concerning

Plaintiff's claims against Defendant Ellerd and Defendant City of Pasco.  ECF

Nos. 50; 51.  While Plaintiff is correct that there is no issue of *material* fact, this is

only because her claims are barred by the statute of limitations, as this Court has

already found with respect to Defendant Ellerd, ECF No. 39, so judgment as a

matter of law is proper, but only for the Defendants.

## G.  Remaining Defendants

The only remaining Defendants in this case are Wesley C. Powell and John

Does 1-6.  None of the John Does have been identified, let alone timely served

with process.  The Court allowed Plaintiff additional time, "no later than February

8, 2017", to properly serve Wesley C. Powell.  ECF No. 38.  No evidence of

proper service has been filed with the Court.  Accordingly, pursuant to Fed. R. Civ.

P. 4(m), Wesley C. Powell and John Does 1-6 are **DISMISSED** without prejudice.

## H.  Revocation of *In Forma Pauperis* Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma

pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.

United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff wishes to pursue an appeal, she must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for New Trial (ECF No. 41) and corresponding Motions (ECF No. 46; 47; 48; 49) are **DENIED**.

2. Plaintiff's Motions for Summary Judgment (ECF No. 50; 51) are **DENIED**.

3. Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED**.

4. Defendants Wesley C. Powell and John Does 1-6 are **DISMISSED** without prejudice.

5. The Court hereby **REVOKES** Plaintiff's *in forma pauperis* status.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **Close** the file.

**DATED** March 17, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER ON PENDING MOTIONS ~ 22