UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SONIA POWELL,<br><br>      Plaintiff,<br><br> v.<br><br>CITY OF PASCO, ET AL.,<br><br>      Defendants. | NO: 4:16-CV-5071-TOR<br><br>ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion to Disqualify Judge (ECF No. 59) and Motion for New Trial and to Alter Judgment (ECF No. 60). The matter was submitted without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motions (ECF Nos. 59; 60) are **DENIED**.

**A. Motion to Disqualify Judge**

Plaintiff seeks disqualification, asserting the Court's decisions evidence bias necessitating such. ECF No. 59; *see* ECF Nos. 27, 34; *see also* ECF Nos. 46, 49. Plaintiff complains that because the Court labeled the underlying incidents as

ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT ~ 1

"mistreatment" this somehow suggest an unwillingness to consider the facts. ECF No. 60 at 2. It is unclear how this label suggests an unwillingness to consider the facts.[1] Further, the facts have been clearly delineated and considered by this Court throughout. *See*, *e.g.*, ECF Nos. 39 at 2-4; 52.

Plaintiff complains that "Ms. Powell could file many of her claims against Defendant Ellerd today and they would still be timely, but not in Honorable Rice's court." ECF No. 59 at 3. She reasons that "Defendant Ellerd terminated her relationship with her client on April 22, 2014." ECF No. 59 at 1. While this may be true, Plaintiff did not allege any actionable conduct beyond April 23, 2013, as this Court specifically mentioned. ECF No. 52 at 9. It matters not when Plaintiff's relationship ended with her attorney; the question is when the alleged actionable conduct occurred. Plaintiff's action is not timely.

Plaintiff further complains that the court intended to disregard her "delayed discovery rule applied to her Abuse of Process Claim." ECF No. 59 at 3. Plaintiff's tolling arguments, including its application to the abuse of process claim, were extensively considered, and efforts were duplicated to ensure full and complete consideration. *See*, *e.g.*, ECF No. 52 at 2, 4-5, 8-19. Plaintiff contends

---

[1] *See* https://www.merriam-webster.com/dictionary/mistreat (mistreat defined as: "to treat badly; abuse").

ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT ~ 2

"[i]t is totally unreasonable to expect a member of the general public to automatically grasp professional liability from the abuse of process." This is not a legal argument, nor the test to be applied. Moreover, Plaintiff admitted she knew about the alleged abuse of process at the time she signed the Agreed Stipulation and Order of Continuance. *See* ECF No. 17 at ¶ 140 (Plaintiff signed the Agreement in order to "begin to pursue justice against those that had violated her civil rights."). Thus, Plaintiff's delayed discovery rule is completely meritless.

Plaintiff finally complains "Ms. Powell was barred from filing because the identities of Defendants were unlawfully concealed. The Court failed to take this into evidence. These actions, too elementary to be errors, suggest a strong (prejudicial) bias. The Court is obligated to recuse itself." ECF No. 59 at 2. It is not clear exactly what Plaintiff alleges this Court failed to consider or whose identity was concealed and by what means. The Court specifically addressed Plaintiff's concealment argument, ECF No. 52 at 13-15 and otherwise addressed all of the arguments Plaintiff raised for tolling, ECF No. 52, which included the purported failures with respect to the public records request, ECF No. 52 at 9-15. A review of Plaintiff's numerous submissions does not reveal any oversight by the Court, and Plaintiff failed to include a citation as to what was allegedly not considered. Moreover, nowhere did Plaintiff state she was barred from filing for any reason, only that she was allegedly delayed. Moreover, Plaintiff's attempt to

ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT ~ 3

file with the State, well before the statute of limitations ran, further belies her contention.

Notably, this Court has been extremely generous with Plaintiff's submissions, and has put in extensive effort to address all of Plaintiff's numerous contentions that were spread over a series of submitted documents. The Court has disregarded continual and serious problems with the form and timing of Plaintiff's motions, and has liberally construed all of her allegations. The Court's decision does not evince any bias, and actually demonstrates the Court's continual leniency in interpreting Plaintiff's arguments and in favor of reaching the merits of her case.

**B. Motion for a New Trial and to Alter Judgment**

Plaintiff has not submitted any substantive arguments with her Motion for a New Trial and to Alter Judgment (ECF No. 60). The Motion is limited to bald assertions that the judgment is against the clear weight of the evidence, without discussing how. ECF No. 60 at 2. Plaintiff also states that a new trial is necessary to avoid further delegitimizing the legal process and placing the public at risk, ECF No. 60 at 3, but this is not a legal argument, nor is it a basis for ignoring the statute of limitations. Finally, Plaintiff asserts her pleading raises genuine issues, ECF No. 60 at 3, but does not mention how. She further states that her *in forma pauperis* status was revoked to avoid the unflattering exposure. ECF No. 60 at 3. This is not the case. The Court rejected her status because, after review of the

ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT ~ 4

undisputed evidence, Plaintiff's claims are barred by the statute of limitations and the Court found "that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact." ECF No. 52 at 22.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Disqualify (ECF No. 59) is **DENIED**.

2. Plaintiff's Motion for New Trial and to Amend Judgment (ECF No. 60) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties. The file shall remain **CLOSED**.

**DATED** April 14, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR NEW TRIAL AND TO ALTER JUDGMENT ~ 5